## HYATT v. AGUERO.

*(Superior Court of New York City, General Term.   June 20, 1888.)*

EXECUTORS AND ADMINISTRATORS—POWER TO SELL REALTY—FAILURE OF ALL EXEC-
UTORS TO QUALIFY.
   Where a testator appoints two executors of his will, and provides that his real
estate may be sold, but one executor is not authorized to sell without the consent
and co-operation of the other, and only one accepts and qualifies, he cannot sell and
give a valid title, under Code Civil Proc. N. Y. § 2642, providing that when power to
sell is given by will to executors, and all do not qualify, a deed from those who do
shall be as valid as if all had joined; the intent of the will being that a single exe-
cutor, from whatever cause he was the single executor, should have no power to
sell.

Submission of case without process, under Code Civil Proc. N. Y. § 1279.
   Thomas J. Hyatt, as executor, and Joaquin M. Aguero, submitted the ques-
tion of the right of the executor to sell and make title to land of his testator.
   Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.
   *Peck & Mason*, for plaintiff.   *Bailey & Sullivan*, for defendant.

   SEDGWICK, C. J.   The plaintiff's testator provided in his will as follows:
"I hereby appoint and authorize H. L. Horton and Thomas J. Hyatt to be my
executors of this my last will and testament, and I hereby authorize my said
executors to sell all or any part of my real and personal estate at any time, in
their joint discretion; that is to say, one is not authorized to sell or exchange
without the consent and co-operation of the other, and to give valid deeds of
the same to the other." Letters testamentary were issued to the plaintiff,
Hyatt, and Horton renounced his right to letters testamentary.   The plain-
tiff, as executor, and the defendant entered into a contract to sell and buy real
estate formerly of the testator.   The defendant objected to take title on a
ground which occasions the only question in the case.   That question is, "Has
Thomas J. Hyatt, as sole acting executor, power under the will to convey to
defendant valid title to the premises?"   The plaintiff claims under section
2642 of the Code of Civil Procedure, that provides: "And when any powers
to sell, mortgage, or lease any real estate, or any interest therein, are given
to executors as such, or as trustees, or as executors and trustees, and any of
such persons named as executors shall neglect to qualify, then all sales, mort-
gages, and leases under said powers made by the executors who shall qualify
shall be equally valid as if the other executors or trustees had joined in such
sale."   This statute does not deprive a testator of the right of declaring it to
be his will that a power of sale shall not exist in one executor, although the
other neglect to qualify.   The testator had legal right to shape the power, and
to declare who, and only who, should exercise it.   In the present case the in-
tent was that a single executor, whatever should be the cause of his being
single executor, should have no power to sell, and that the power to sell should
be based upon the exercise of a joint discretion.   I am of opinion that the de-
fendant should have judgment, with costs.

   FREEDMAN and TRUAX, JJ., concur.